WEAVER, J.
(dissenting). I would grant leave to appeal in this case rather than issue a final opinion at this time. This case is currently before the Court on an application for leave to appeal. The Court ordered oral arguments to help it decide if it should grant leave, deny leave, or take some peremptory action.
In its opinion, the majority addresses the broad question of judicial power, an issue raised by the Court, not the parties. Such an important and far-reaching question should not be decided without granting leave to appeal and receiving the benefit of full oral argument and full briefing, including inviting amicus briefing.
In granting leave to appeal, I would also ask the parties to address whether the plaintiff has a legal remedy under MCL 691.1408, or whether subsection 3 of the statute prohibits the imposition of liability on a *342 governmental agency for a decision made pursuant to subsection 2. MCL 691.1408, at the time applicable here, stated in relevant part:
(2) When a criminal action is commenced against an officer or employee of a governmental agency based upon the conduct of the officer or employee in the course of employment, if the employee or officer had a reasonable basis for believing that he or she was acting within the scope of his or her authority at the time of the alleged conduct, the governmental agency may pay for, engage, or furnish the services of an attorney to advise the officer or employee as to the action, and to appear for and represent the officer or employee in the action. An officer or employee who has incurred legal expenses after December 31, 1975 for conduct prescribed in this subsection may obtain reimbursement for those expenses under this subsection.
(3) This section shall not impose any liability on a governmental agency. [Emphasis added.]
Thus, the question would be whether the Legislature has specifically provided that a suit seeking to impose on a governmental agency liability based on MCL 691.1408, such as the suit here, could not be brought.
Cavanagh and Kelly, JJ., concurred with Weaver, J.